NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASSAN SCOTT, | : |
| Petitioner, | : Civil Action No. 12-4167 (WHW) |
| v. | : |
| UNITED STATES OF AMERICA, | : **MEMORANDUM OPINION** |
| Respondent. | : **AND ORDER** |

**Walls**, Senior District Judge:

This case comes before the Court upon Petitioner's document titled "Motion to Amend 924(c) Claim on 2255 Motion (Alleyne Issue Case No. 11-9335)." ECF No. 9, at 1. Petitioner's superseding indictment charged him with: (a) being a felon in possession and commerce of a firearm; (b) knowing and intentional possession of heroin with intent to distribute; and (b) drug trafficking while knowingly using and carrying a firearm. See USA v. Scott, Crim. Action No. 08-0789 (WHW) (D.N.J.), ECF Nos. 1 and 15. After a jury trial, Petitioner was convicted of all three offenses. See id. ECF Nos. 43 and 46. This Court sentenced him to 40 months on one charge, 60 months on the other charge (to run concurrently with the 40-month term) and 60 months on the third charge, to run consecutively to the 40-month term. See id., ECF No. 54. The Court of Appeals affirmed but decline to rule on one of Petitioner's claims because it was better suited for a Section 2255 motion. See id., ECF Nos. 55, 68 and 69. On July 5, 2012, Petitioner filed such motion raising four claims. See Instant Case, ECF No. 1, at 4-5 (denial of speedy trial, insufficient prosecutorial disclosure during pre-trial, undue prosecutorial statements

during summation, and errors in the jury charge and verdict form provided by this Court). Petitioner followed that filing with document titled, "Addendum to Speedy Trial and Brady and Giglio violations." See id. ECF No. 2 ("Addendum").

On November 27, 2012, this Court issued Petitioner a United States v. Miller, 197 F.3d 644 (3d Cir. 1999), notice. See id. ECF No. 5. In response, he filed a statement reading, "I am advising the [C]ourt that I wishes [sic] to proceed as is." Id. ECF No. 6. The Court then directed Respondent to answer Petitioner's challenges, as stated in the Section 2255 motion and Addendum. See id. ECF No. 7. Respondent complied, see id. ECF No. 8, filing an extensive answer asserting that all Petitioner's challenges were wholly meritless. See id. Being served with the answer, Petitioner submitted his application at bar seeking to add an Alleyne claim. See ECF Nos. 8-2 and 9.

This application is barred by Miller. See 28 U.S.C. §§ 2244(b)(3)(A) and (h). When Petitioner was provided with the Miller notice, nothing prevented him from withdrawing his Section 2255 motion and Addendum and filing, in their place, his all-inclusive Section 2255 submission containing a claim substantively identical to that raised in Alleyne. He did not do so, even though this Court expressly warned him that "all potential claims for which he [might later wish to] seek review and relief [would be barred] because a second or successive habeas petition under § 2255 must be dismissed unless certain very specific and rare circumstances exist, [as detailed in] § 2244." Instant Case, ECF No. 5, at 1. Hence, he lost the opportunity to raise an Alleyne claim, or any other additional claim, in this case (and in any future Section 2255 action unless it is filed upon leave from the Court of Appeals. See 28 U.S.C. §§ 2244(b)(3)(A) and (h)).

> To prevent the . . . ignorance [underlying Petitioner's instant application to add a claim], the Third Circuit requires district courts to inform [federal

> habeas] petitioners of the procedural and other limitations imposed by the AEDPA. Accordingly, by [Miller notice] - this Court informed [Petitioner] that his [habeas] petition must include all available federal claims because the AEDPA bars second or successive petitions . . . [The Court's Miller notice] cited the relevant federal statutes and asked [Petitioner] if he wanted this Court to rule on [his] Petition "as is" or if he wanted to withdraw the pending Petition in order to add additional claims . . . . [Petitioner] notified this Court that he wanted the Court to consider his [submissions made thus far as his] all-inclusive petition [and rule on it] "as is." [Petitioner] had actual notice of the limitations . . . imposed by the AEDPA. Accordingly, he cannot show that some extraordinary circumstance stood in his way and prevented him from presenting his [newly-minted] claims - . . . to this Court in a timely motion to amend [his initial submissions]. This Court will deny the motion to amend the Petition to add the new claims.

Boretsky v. Ricci, 2012 U.S. Dist. LEXIS 37239, at *12-14 (D.N.J. Mar. 20, 2012).

In addition to violating the Miller bar and being a second/successive Section 2255 motion filed without the required leave, Petitioner's application raises a claim: (a) not amenable to Section 2255 review, see United States v. Galindez, 2014 U.S. App. LEXIS 2887, at *5 (Feb. 18, 2014), and (b) facially frivolous. Unlike in Alleyne, Petitioner's jurors: (a) entered a verdict on the charge that Petitioner was "brandishing" a firearm (his superseding indictment expressly charged Petitioner with that act, see Scott, Crim. Action No. 08-0789, ECF No. 15, at 2): and (b) responded, "No." Id. Because no motion for a judgment non obstante veredicto was made by the Government, and no such judgment was entered by this Court sua sponte, the Court's selection of Petitioner's minimum sentence was made under the subsection of 18 U.S.C. § 924 applicable to, and only to, the conduct of which Petitioner was found guilty. The imposed sentence could not have implicated an Alleyne-like consideration. Had this Court sentenced him for a crime involving the "brandishing-of-a-firearm" element, as in Alleyne, this Court would be obligated to impose, *at the minimum*, a 7-year term, i.e., an 84-month sentence with

regard to Petitioner's Count Two. See 18 U.S.C. § 924(c)(1)(A)(ii).  Because Petitioner was sentenced to a 60-month term, rather than an 84-month one, his application at bar falsely asserts that he was subjected to a sentence enhancement.  Petitioner's application is facially frivolous in addition to violating Miller and §§ 2244(b)(3)(A) and (h)).

IT IS, therefore, on this ____20____ day of ____May____, 2014,

ORDERED that Petitioner's application, ECF No. 9, is denied; and it is further

ORDERED that, if Petitioner so wishes, he may file and serve upon Respondent his traverse to Respondent's answer provided that the traverse is: (a) filed and served within thirty days from the date of entry of this Memorandum Opinion and Order; and (b) limited to the claims raised in Petitioner's § 2255 motion and Addendum; and it is further

ORDERED that, if Petitioner does not file and serve his traverse in accordance with the terms of this Memorandum Opinion and Order, his opportunity to traverse would be deemed conclusively waived without further notice; and it is further

ORDERED that, if Petitioner timely files and serves his traverse, Respondent may, if Respondent so desires, file and serve upon Petitioner Respondent's sur-reply. Such sur-reply shall be filed and served within fifteen days from the date of Respondent being served with Petitioner's traverse; and it is further

ORDERED that, if the Clerk does not receive Respondent's sur-reply in accordance with the terms of this Memorandum Opinion and Order, Respondent's opportunity to sur-reply would be deemed conclusively waived without further notice; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Respondent by means of electronic delivery and upon Petitioner by regular U.S. mail.

/s/ _____
U.S. District Judge

4